99   247
99   249

## WHEELWRIGHT & CO. *v.* DYAL & UPCHURCH.

*Simmons, C. J.*—1. Whether a county court to which an attachment against a non-resident was made returnable did or did not have jurisdiction of the same, if the defendant appeared, filed a plea to the merits, and upon judgment having been rendered against him entered an appeal to the superior court, it was too late for him, in that court, to move to dismiss the case on the ground that the court to which the attachment was originally returned was without jurisdiction in the premises, his appearance and pleading in the first instance being a waiver of the question of jurisdiction which it was his right to make under section 3460 of the code.

2. There was no error in refusing to allow proof of an alleged custom of trade, when it did not appear from the evidence offered for this purpose that it was "of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." Code, §1, paragraph 4. And see 27 Am. & Eng. Enc. of Law, Usages and Customs, pp. 755, 756 and cases cited in notes.

3. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.          *Judgment affirmed.*
   July 13, 1896.  By two Justices.

Complaint on account.   Before Judge Sweat.   Ware superior court.   April term, 1895.

Dyal & Upchurch sued out an attachment, July 13, 1894, before a justice of the peace of Charlton county, making the attachment returnable to the September quarterly term of the county court of Ware county.   The same having been levied, the defendants replevied the property, their bond reciting that they reserved any and all right of exception to the attachment and to the jurisdiction and au-

thority of the officer who issued it and of the county court of Ware county to entertain, hear and determine the cause. Plaintiffs obtained judgment in the county court, and the defendants appealed to the superior court, where they moved to dismiss the case for the reason that the attachment was returned to a court which was without jurisdiction, and should have been returned to the superior court. The motion was overruled.

At the conclusion of plaintiffs' evidence, defendants moved for a nonsuit on the ground that the evidence was insufficient to make a *prima facie* case in favor of plaintiffs, which would warrant a recovery in their favor. This motion was overruled. The evidence for plaintiffs was, in brief, as follows: The account sued on, which was for 40,000 feet of lumber, is correct, due and unpaid, and defendants owe plaintiffs the money. Plaintiffs contracted with them to cut for them the lumber mentioned in the account, 3x9, thirty feet and up, multiples of two feet, of the quality Savannah merchantable by the rule of '83, at the price charged in the account. One of plaintiffs cautioned their sawyer and inspector to be extra careful in sawing the order. It was good lumber, was inspected at plaintiffs' mill, and was fully up to the Savannah rule of 1883, and was certainly up to the specifications. Had defendants notified plaintiffs that it was not up to specifitions, plaintiffs would have made it right with them; but defendants after receiving it cut it up into short lengths without any authority from plaintiffs to do so.

The court refused to allow defendants to prove that the custom of lumber merchants as to the making of inspections was, that inspection made at the point of delivery by the consignee should control, the contract between the parties being silent thereon.

Each of the foregoing rulings is assigned as error, and it is further alleged by defendants, in their motion for a new trial, that the verdict is contrary to law and evidence. The

testimony in the defendants' behalf was, in brief, that the lumber which they received from plaintiffs, which was merchantable, aggregated 25,721 feet; the balance was not merchantable, not according to the contract, and upon inspection at Brunswick by defendants was rejected and notice given to plaintiffs that it was so rejected and subject to their order.    The payments admitted by plaintiffs to have been made upon the account covered the lumber which defendants received and accepted, and left nothing due by them.   Much of the lumber would have been rejected but defendants found by cutting some of it they could use a part, and so had it cut into multiples according to the contract wherever it could be done, and this required extra labor for which they paid and charged the amount to plaintiffs, and the same is due by them to defendants.   If plaintiffs had cut the lumber according to the contract, this would not have been necessary.   The recutting was done in order to use as much as possible and reduce the loss to plaintiffs to as small an amount as possible.

*Crovatt & Whitfield* and *W. M. Toomer*, for plaintiffs in error.   *Hitch & Myers*, contra.